TAMASHIRO SOGI & BONNER
A Law Corporation

ADDISON D. BONNER           9163-0
TREVOR N. TAMASHIRO         9584-0
705 S. King Street, Suite 105
Honolulu, Hawaii  96813
Telephone:      (808) 492-1907
Facsimile:      (808) 356-1581
Email:  adb@tsbhawaii.com
        tnt@tsbhawaii.com

Attorneys for Plaintiffs
OMYDOVE AG, doing business as
HYPURE and THEODORE SCHNYDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OMYDOVE AG, doing business as HYPURE; THEODORE SCHNYDER<br><br>Plaintiffs,<br><br>v.<br><br>VOID LLC; DANIEL HANKS; and JORDAN MCGEE,<br><br>Defendants. | Civil No. 1:21-cv-418<br><br>**COMPLAINT; EXHIBITS 1-3** |

**COMPLAINT**

Plaintiffs OMYDOVE AG, doing business as HYPURE and THEODORE SCHNYDER (collectively, "Plaintiffs"), by and through their attorneys, Tamashiro Sogi & Bonner, A Law Corporation, hereby assert the following claims and causes of action against Defendants VOID LLC; DANIEL HANKS; and JORDAN MCGEE (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

This is a misrepresentation and breach of contract case, wherein Defendants made promises to Plaintiffs that Defendants would provide certain services, and thereby obtained $265,000 of Plaintiffs' funds, but failed to deliver the services promised. Defendants have agreed that a full refund is owed to Plaintiffs but have failed to refund any portion of the monies owed.

## PARTIES

1. OMYDOVE AG is a Swiss corporation with its principal place of business in Frienbach, Switzerland.

2. OMYDOVE AG manages an international electronics brand called Hypure (collectively referred to herein as "Hypure").

3. THEODORE SCHNYDER ("Schnyder") is the Chief Executive Officer of Hypure, a shareholder of OMYDOVE AG, and a resident of Switzerland.

4. Upon information and belief, Defendant VOID LLC ("Void") is a Hawaii corporation, with a principal place of business in Hanalei, Hawaii.

5. Upon information and belief, Defendant DANIEL HANKS ("Hanks") is a resident of the County of Kauai, State of Hawaii and is a manager and owner of Defendant Void.

6. Upon information and belief, Defendant JORDAN MCGEE ("Mcgee") is a resident of the County of Kauai, State of Hawaii and is a manager and owner of Defendant Void.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1332, jurisdiction in this Court is proper because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Pursuant to 28 U.S.C. §1391, venue of this action in this Court is proper because a substantial part of the events and omissions giving rise to the claims occurred in this district, and Defendants either reside or conduct business in the State of Hawaii.

## STATEMENT OF FACTS

9. In the not so distant past, brands looking to establish themselves with a target audience, often turned to celebrity endorsements – the goal being to influence the celebrity's fans into becoming the brand's customers.

10. In the age of social media, individuals - celebrity or otherwise - with large numbers of followers on social media networks, are the new face of influencer marketing.

11. Defendants hold themselves out as agents to help companies procure influencer marketing services.

12. For several years prior to 2020, Schnyder had engaged Hanks to perform several promotional and advertisement functions for Schnyder's various business ventures.

13. Hanks had generally performed such services as promised, leaving Schnyder satisfied with Hanks' work.

14. Prior to November 2020, Hanks had collected in excess of $500,000 for work on behalf of Schnyder.

15. Around November 2020, Schnyder contacted Hanks to assist in promoting the launch of the Hypure brand in the United States.

16. At the time, Hanks already owed Schnyder a total of $50,000 – $30,000 in connection with a promotion project that did not go forward in the early part of 2020, and $20,000 as a partial refund from another project.

17. Schnyder informed Hanks that he wanted to utilize social media influencers to promote Hypure.

18. Hanks and Schnyder discussed specific influencers for the project and agreed to utilize two very popular influencers on Instagram – Charli D'Amelio, and Addison Rae.

19. At the time, Mses. D'Amelio and Rae each had over 40 million Instagram followers.

20. Several weeks of negotiations commenced, at the end of which, Schnyder was informed by Hanks that Hanks would provide Ms. D'Amelio's services for $125,000, and Ms. Rae's for $110,000.

21. Hanks provided Schnyder with two Services Agreements, each dated November 14, 2020, one as to Ms. D'Amelio, and the other as to Ms. Rae (collectively "Agreements"). *See* Exhibits 1 and 2.

22. The Agreements were signed by Hanks and Schnyder.

23. Hanks and Schnyder agreed that the $235,000 total to be paid under the Agreements would be reduced by $20,000, as a partial paydown of the $50,000 Hanks already owed to Schnyder.

24. On or about November 27, 2020, at Defendants' direction, Schnyder caused Hypure to wire $215,000 to Defendant Void's bank account at First Hawaiian Bank in Honolulu, in full satisfaction of Hypure's payment obligations under the Agreements.

25. Despite persistent follow up by Plaintiffs, Defendants did not deliver any portion of the services called for in the Agreements.

26. In January 2021, Schnyder contacted Hanks and demanded Defendants refund the entire $265,000 owed to Plaintiffs.

27. Hanks agreed to refund the money, but asked for 90 days.

28. By March 2021, Defendants had not paid any portion of the refund, and through email correspondence with Schnyder, continued to promise that payment would be made in 90 more days.

29. Hanks transmitted a document titled Void LLC Refund Agreement, wherein Hanks claimed the delay in refund was due to "multiple deals falling through on the talent side of the negotiations, post deal being initiated . . . ." *See* Exhibit 3.

30. After April 2021, Defendants' responses to Plaintiffs' inquiries regarding the refund became more sporadic and have now ceased.

31. As of the date of this filing, no monies have been returned to Plaintiffs.

COUNT I:
BREACH OF CONTRACT

32. Plaintiffs repeat and re-allege each and every allegation set forth in the foregoing paragraphs as if set forth fully herein.

33. Hypure entered into the Agreements with Void, where Void promised to procure the influencer services, in exchange for the agreed upon payment.

34. Hypure has complied with all requirements, conditions precedent, and obligations imposed on it by the Agreements.

35. Hypure timely tendered the payment required under the Agreements.

36. The contract language obligates Void to procure the influencer services of Mses. D'Amelio and Rae on behalf of Hypure.

37. Void failed to provide Hypure with any of the services promised in the Agreements.

38. Thereafter, Hanks promised that all Defendants would cause Plaintiffs to be repaid in full for all amounts owed within 90 days.

39. More than 90 days have elapsed since Hanks made that promise, and Plaintiffs have yet to receive any portion of their money back.

40. By virtue of the foregoing breach of contract, Plaintiffs have suffered actual and consequential damages as a direct result of Defendants' breach of contract.

## COUNT II:
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

41. Plaintiffs repeat and re-allege each and every allegation set forth in the foregoing paragraphs as if set forth fully herein.

42. Plaintiffs hereby assert a breach of the covenant of good faith and fair dealing, demanding full recovery for all damages and costs related to obtaining the monies due under the Defendants have failed to pay.

43. Plaintiffs have suffered actual and consequential damages as a direct result of Defendants' actions.

## COUNT III:
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

44. Plaintiffs repeat and re-allege each and every allegation set forth in the foregoing paragraphs as if set forth fully herein.

45. Hanks promised Plaintiffs that if Plaintiffs refrained from taking legal action for 90 days, Defendants would pay Plaintiffs all amounts owed.

46. At the time Hanks made this promise to Plaintiffs, he foresaw that Plaintiffs would rely on this promise.

47. Plaintiffs did rely on these promises and did forbear from taking action to collect the refund they were entitled to.

48. Injustice will result if Hanks is not required to make good on his promise to cause Defendants to refund Plaintiffs.

49. Plaintiffs request the benefit of their bargain, restitution, and consequential damages in an amount to be determined at trial and other appropriate relief.

50. Plaintiffs further request an order compelling Hanks to authorize and/or cause Void to make the promised refund to Plaintiffs.

## COUNT IV:
## NEGLIGENCE

51. Plaintiffs repeat and re-allege each and every allegation set forth in the foregoing paragraphs as if set forth fully herein.

52. Defendants Void, Hanks, and Mcgee each had a duty to exercise ordinary care in communicating to Plaintiffs what services Defendants could provide.

53. Defendants breached this duty of care by failing to deliver the influencer services Defendants had promised to procure in the Agreements.

54. Defendants also had a duty to exercise ordinary care in the safeguarding of Plaintiffs' funds to be used to pay for the services specified in the Agreements.

55. Defendants breached this duty of care by mishandling Plaintiffs' funds such that Defendants have failed to timely return the funds to Plaintiffs, despite Defendants' promise to do so.

56. Defendants' breaches herein have caused Plaintiffs to sustain damages due to loss of use of their funds.

57. Plaintiffs have suffered actual and consequential damages as a direct result of Defendants' negligence.

## COUNT V:
## UNJUST ENRICHMENT

58. Plaintiffs repeat and re-allege each and every allegation set forth in the foregoing paragraphs as if set forth fully herein.

59. A person who has been unjustly enriched at the expense of another is required to make restitution to the other.

60. Defendants have received and benefitted from the use of Plaintiffs' financial resources yet have reneged on their commitments to provide Plaintiffs with influencer services and have further failed to refund Plaintiffs for the same.

61. Defendants have therefore been unjustly enriched at the expense of Plaintiffs because they obtained and apparently spent Plaintiffs' money without providing the influencer services.

62. It would be unjust and inequitable to allow Defendants to retain the benefits paid for Plaintiffs without providing reasonably equivalent value.

63. Defendants will be unjustly enriched to the detriment of Plaintiffs if Defendants are not required to refund Plaintiffs and make restitution.

64. Plaintiffs therefore request that this Court restore the fair value that Plaintiffs lost due to Defendants' misconduct.

## COUNT VI:
## CIVIL CONSPIRACY/AIDING AND ABETTING

65. Plaintiffs repeat and re-allege each and every allegation set forth in the foregoing paragraphs as if set forth fully herein.

66. Defendant Hanks and Defendant Mcgee, acting in their individual capacities, and in their own self-interest, conspired with each other and Void to unlawfully and surreptitiously convert Plaintiffs' funds for their own benefit.

67. Defendant Hanks acted in furtherance of the conspiracy by obtaining Plaintiffs' funds by misrepresenting to Plaintiffs that the funds were to be used to procure the services of Mses. D'Amelio and Rae.

68. Plaintiffs have been damaged by the conspiracy as, for example, Plaintiffs have lost the value and use of the unlawfully converted funds. Plaintiffs have been damaged by the actions of Defendants in an amount to be proven at trial.

## COUNT VII:
## UNFAIR AND DECEPTIVE ACTS AND PRACTICES

69. Plaintiffs repeat and re-allege each and every allegation set forth in the foregoing paragraphs as if set forth fully herein. Plaintiff Schnyder is a consumer, as that term is defined in

Haw. Rev. Stat. §480-1, because he is a natural person who, primarily for personal purposes, attempted to purchase services, or committed money in a personal investment.

70. Defendants' actions described herein, including (1) inducing Schnyder to commit his funds to Defendants with the promise of receiving services in return; and (2) misrepresenting to Schnyder that a refund would be issued within 90 days; constitute unfair and deceptive trade practices or acts in violation of Chapter 480 of the Hawaii Revised Statutes.

71. By reason of said violation, Plaintiff has been damaged and will continued to be damaged in amounts to be proven at trial, and is entitled to recover said damages, including treble damages and attorneys' fees as provided in Haw. Rev. Stat. § 480-13, from Defendants.

72. In all their misconduct described in this Complaint, Defendants Void, Hanks, and Mcgee have acted intentionally, willfully, wantonly, oppressively or with gross negligence, or that entire want of care which would raise the presumption of a conscious indifference to consequences.

**WHEREFORE,** Plaintiffs demand judgment against Defendants Void LLC, Daniel Hanks, and Jordan Mcgee, for general, special, treble, punitive, and consequential damages, in the amount to be determined at trial together with interest thereon, and/or further damages as may be permitted under Hawaiʻi law, for attorneys' fees and costs, and for such other, further and additional relief as the Court deems just and proper.

DATED:  Honolulu, Hawaiʻi, September 30, 2021.

/s/ Addison D. Bonner
ADDISON D. BONNER

Attorneys for Plaintiffs
OMYDOVE AG, doing business as
HYPURE and THEODORE SCHNYDER